UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

AMY SAVAGE,

         Petitioner,

v.                                 Civil No. 4:14cv69
                                 Criminal No. 4:12cr6

UNITED STATES OF AMERICA,

         Respondent.

## OPINION and ORDER

This matter is before the Court on Amy Savage's ("Petitioner") Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.[1] Petitioner's § 2255 Motion raises four separate claims, although each advances a challenge to the same two-level Guideline enhancement applied at sentencing. The Government contends that Petitioner's motion is untimely, asserts that challenges to the sentencing enhancement are procedurally defaulted, and argues that Petitioner's claims alternatively fail on the merits. After reviewing the record, the Court finds that an evidentiary hearing is unnecessary because the record conclusively demonstrates Petitioner is not

---

[1] Also pending before this Court is a motion filed by Petitioner seeking a sentence reduction based on the recent retroactive changes to the United States Sentencing Guideline applicable to drug trafficking offenses. ECF No. 294. The Court will resolve such separate motion by separate Order.

entitled to any relief. See R. Gov. § 2255 Proc. in U.S. Dist. Cts. 8(a). For the reasons discussed below, Petitioner's § 2255 motion is **DISMISSED IN ITS ENTIRETY** as untimely. Alternatively, Counts One, Two, and Four are **DISMISSED** as procedurally defaulted, and Counts One through Four are **DENIED** for lack of merit.

## I. FACTUAL AND PROCEDUARL HISTORY

In 2011, a criminal investigation began into the suspected manufacturing of methamphetamine by a group of individuals, including Petitioner. Statement of Facts 1, ECF No. 84. The investigation led to search warrants being executed at multiple residences in and around Williamsburg, Virginia. Id. On the day of the searches, law enforcement officers interviewed Petitioner who admitted "that she had been involved with other members of the conspiracy in obtaining precursor chemicals for the purpose of manufacturing methamphetamine." Id. at 2. Petitioner further explained that the methamphetamine was primarily used by those involved in the conspiracy and that she allowed methamphetamine manufacturing to take place at her residence. Id. A search of relevant State records confirmed that Petitioner had made multiple purchases of pseudoephedrine in close proximity to one another. Id.

On January 10, 2012, a federal grand jury returned a multicount indictment charging Petitioner with: (1) conspiracy to distribute, possess with intent to distribute, and manufacture methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1) (Count One); (2) possession of listed chemicals with intent to manufacture methamphetamine in violation of 21 U.S.C. § 841(c)(1) & (2) (Count Two); and (3) managing and controlling a building for the purpose of manufacturing and distributing methamphetamine in violation of 21 U.S.C. § 856(a)(2) (Count Three). ECF No. 1. On April 19, 2012, Petitioner pled guilty to Count Two pursuant to a written Plea Agreement. Plea Agreement 1, ECF No. 83. Such Plea Agreement includes a waiver of the right to appeal any lawful sentence as well as the manner in which such sentence was determined. Id. at 3-4.

Prior to Petitioner's sentencing hearing, the Probation Office of this Court prepared a Presentence Report ("PSR") attributing Petitioner with 34.56 grams of pseudoephedrine and applying a two-level Guideline enhancement for unlawful discharge of a hazardous substance. PSR 27, ECF No. 133. On July 24, 2012, Petitioner appeared before the Court for sentencing and was sentenced to seventy months imprisonment, the low-end of the advisory Guideline range. ECF No. 145.

3

Petitioner did not file a direct appeal, and her conviction and sentence, therefore, became final in August of 2012.   On June 16, 2014, Petitioner filed the instant § 2255 motion.   The Government filed a brief in opposition and Petitioner failed to file a reply brief.   This matter is now ripe for review.

## II. STANDARD OF REVIEW

A federal prisoner, in custody, may collaterally attack her sentence or conviction by moving the district court "to vacate, set aside or correct the sentence."   28 U.S.C. § 2255(a). To obtain such relief, a petitioner must prove by a preponderance of the evidence that her sentence or conviction was "imposed in violation of the Constitution or laws of the United States," that the district court "was without jurisdiction to impose such sentence," that the sentence exceeds "the maximum authorized by law," or that the sentence or conviction is "otherwise subject to collateral attack."   Id.; Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).   Because a § 2255 motion "is ordinarily presented to the judge who presided at the original conviction and sentencing . . . the judge's recollection of the events at issue" may inform the resolution of the motion. Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977).

A § 2255 motion is, in essence, a statutory federal habeas corpus action that enables a petitioner to collaterally attack

her sentence or conviction through the filing of a new proceeding, as contrasted with a direct appeal.[2] United States v. Hadden, 475 F.3d 652, 663 (4th Cir. 2007). With limited exceptions, a petitioner advancing new claims asserted for the first time in a § 2255 motion "must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (1982). The "higher hurdle" applies because, once a Petitioner's opportunity to pursue a direct appeal has been waived or exhausted, there is "a final judgment [that] commands respect." Id. at 164-65. Accordingly, the doctrine of procedural default generally prevents a district court from reaching the merits of § 2255 claims that were not raised on direct appeal unless a petitioner can show: (1) "cause" excusing the failure to directly appeal such alleged errors; and (2) "actual prejudice resulting from the errors of which [s]he complains." United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1992).

"'The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel.'" United States v. Pettiford, 612 F.3d 270, 280 (4th Cir. 2010) (quoting

---

[2] The existence of the right to pursue a collateral attack does not displace a direct appeal as the "usual and customary method of correcting trial errors." United States v. Allgood, 48 F. Supp. 2d 554, 558 (E.D. Va. 1999).

Mikalajunas, 186 F.3d at 493). As for prejudice, it is not enough for a petitioner to demonstrate "a possibility of prejudice," but rather, [s]he must show that errors "worked to h[er] actual and substantial disadvantage, infecting h[er] entire [sentencing] with error of constitutional dimensions." Frady, 456 U.S. at 170. A § 2255 petitioner need not, however, overcome the procedural default bar to advance a freestanding claim of ineffective assistance of counsel, which is properly asserted for the first time in a § 2255 motion. See United States v. King, 119 F.3d 290, 295 (4th Cir. 1997) ("[I]t is well settled that 'a claim of ineffective assistance should be raised in a 28 U.S.C. § 2255 motion in the district court rather than on direct appeal, unless the record conclusively shows ineffective assistance.'" (quoting United States v. Williams, 977 F.2d 866, 871 (4th Cir. 1992))).[3]

The Sixth Amendment to the Constitution of the United States provides that "the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. The Supreme Court has interpreted the right to counsel as providing a defendant "'the right to the effective

---

[3] Such rule exists because the Federal Rules Governing § 2255 Proceedings permit expansion of the record, which is generally unavailable on direct appeal and often necessary to properly resolve an ineffective assistance claim. United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010) (citing Massaro v. United States, 538 U.S. 500, 504-06, (2003)).

assistance of counsel.'" Strickland v. Washington, 466 U.S. 668, 686 (1984) (emphasis added) (quoting McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970)). To obtain relief based on an allegation of ineffective assistance, a petitioner must establish both that: (1) counsel's performance was so deficient that it fell below an objective standard of reasonableness; and (2) counsel's inadequate performance caused the petitioner prejudice. Id. at 687-88. "[U]nsubstantiated and largely conclusory statements" are insufficient to carry a petitioner's burden as to the two prongs of the Strickland test. United States v. Turcotte, 405 F.3d 515, 537 (7th Cir. 2005).

Satisfying the first prong of Strickland requires a showing that counsel "made errors so serious that [he] was not functioning as the 'counsel' guaranteed the [petitioner] by the Sixth Amendment." Strickland, 466 U.S. at 687. The court strongly presumes that counsel exercised reasonable professional judgment, and only in rare situations will the Court find that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Tice v. Johnson, 647 F.3d 87, 102 (4th Cir. 2011) (quoting Strickland, 466 U.S. at 690). As it is all too easy to challenge an act, omission, or strategy, once it has proven unsuccessful, "every effort [must] be made to eliminate

7

the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689.

The second prong of Strickland requires a petitioner to "affirmatively prove prejudice," which requires a showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 693-94. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. If a petitioner fails to prove either of the two prongs of the Strickland test, the court need not evaluate the other prong. United States v. Roane, 378 F.3d 382, 404 (4th Cir. 2004).

## III. DISCUSSION

### A.  Timeliness of Motion

Federal statute provides a one-year limitations period for filing a § 2255 motion.  28 U.S.C. § 2255(f).  The limitations period begins to run on the latest of four dates:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

> **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> **(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id. Here, subsections (2) through (4) are inapplicable because all of Petitioner's claims challenge a sentencing enhancement disclosed in the PSR in advance of her sentencing hearing, and she thus fails to suggest that any government impediment, newly discovered evidence, or newly recognized legal rights are at issue in this case. As a result, Petitioner's statutory clock began to run in early August of 2012 when her judgment of conviction became final. Fed. R. App. P. 4(b)(1)(A); 28 U.S.C. § 2255(a). Because Petitioner's § 2255 motion was not filed until June of 2014, one year and ten months after her judgment became final, her motion is clearly untimely on its face.

Although Petitioner did not assert a claim for equitable tolling of the statutory limitations period, the Court acknowledges the potential applicability of such doctrine. However, for equitable tolling to apply, an otherwise time-barred petitioner must demonstrate "(1) extraordinary circumstances, (2) beyond h[er] control or external to h[er] own conduct, (3) that prevented h[er] from filing on time." United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (quoting Rouse

v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc)).  Moreover, the Supreme Court has cautioned that equitable tolling is only appropriate in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Harris v. Hutchison, 209 F.3d 325, 330 (2000).  Here, Petitioner's § 2255 motion fails to establish any circumstances that would even suggest that this case constitutes a "rare instance" where principles of equity  excuse the untimeliness of Petitioner's motion.  Accordingly, Petitioner's motion is **DISMISSED** as untimely.[4]

### B. Sentencing Enhancement

Petitioner's § 2255 motion raises four grounds for relief, with three claims involving a direct challenge to the two-level

---

[4] A pro se petitioner is typically afforded notice and an opportunity to respond before a statutory habeas petition is dismissed as time-barred.  See Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002). Here, the Court finds that adequate notice was given to Petitioner because: (1) Petitioner utilized the preprinted § 2255 form that expressly prompts the filer to address timeliness and she attempted to justify her late filing by placing blame on her counsel; and (2) the Government raised the issue of timeliness in its brief in opposition and Petitioner failed to file a reply brief.  See Cureton v. United States, No. 303Ccr134-MU, 2007 WL 1651437, at *1 n.1 (W.D.N.C. June 2, 2007) (indicating that because the petitioner "addressed the issue of the timeliness of his petition," there was no need for additional notice); Arnette v. United States, No. 4:01-cr-16, 2005 WL 1026711, at *2 (E.D. Va. May 5, 2005) ("The government's response to the petition provided the petitioner with the necessary notice to address the issue of timeliness.").  Therefore, the Court dismisses Petitioner's § 2255 motion as untimely because "it is indisputably clear from the materials presented . . . that the petition is untimely and cannot be salvaged by equitable tolling principles . . . ." Hill, 277 F.3d at 707.

enhancement Petitioner received at sentencing for the unlawful discharge of a hazardous substance. § 2255 Mot. 5-9, ECF. No. 263. More specifically, Petitioner argues that the enhancement had nothing to do with her offense of conviction, that it is unlawful under Alleyne, and that it is an inappropriate punishment for a crime she did not commit. Id. Petitioner's fourth and final claim indirectly challenges the same sentencing enhancement through the assertion that defense counsel provided constitutionally deficient representation.

### 1. Applicability of Alleyne

Petitioner's § 2255 motion asserts that her two-level sentencing enhancement was unlawful pursuant to Alleyne v. United States, 133 S. Ct. 2151 (2013). In Alleyne, the Supreme Court held that any fact that increases a criminal defendant's statutory mandatory minimum sentence becomes an "element" of the crime that must be submitted to a jury, in the context of a trial, or admitted to by the defendant, in the context of a guilty plea. Id. at 2155.

Petitioner's Alleyne claim is procedurally defaulted as it was raised for the first time in her § 2255 motion. Petitioner fails to demonstrate "cause" for failure to directly appeal on this ground and further fails to demonstrate actual prejudice resulting from an Alleyne error because, as discussed below, the

*Alleyne* holding has no bearing on Petitioner's conviction or sentence. Petitioner's *Alleyne* claim is therefore **DISMISSED** as procedurally defaulted. *Frady*, 456 U.S. at 167.

Alternatively, even if this Court were permitted to reach the merits of Petitioner's *Alleyne* claim, it would be denied. First, *Alleyne* was decided after Petitioner's conviction became final, and its holding does not apply retroactively to cases on collateral review—which includes § 2255 proceedings. *See* *United States v. Surratt*, -- F.3d --, 2015 WL 4591677, at *6 (4th Cir. July 31, 2015) (indicating that every circuit that has examined the issue has concluded that *Alleyne* does not apply retroactively (citing *United States v. Olvera*, 775 F.3d 726, 730 (5th Cir. 2015))). Second, even if retroactive, *Alleyne* only applies to cases involving statutory mandatory minimum sentences, which renders it wholly inapplicable to Petitioner's case as her offense of conviction does not provide a mandatory minimum. *See* 21 U.S.C. § 841(c)(1). Petitioner's *Alleyne* claim is therefore alternatively **DENIED** on the merits.

### 2. Guidelines Challenges

Petitioner's § 2255 motion advances two additional claims directly challenging the two-level sentencing enhancement, which are addressed collectively because they are very similar. The first asserts that the enhancement had nothing to do with

Petitioner's offense of conviction, while the second asserts that the enhancement is an inappropriate punishment for a crime Petitioner did not commit.  Like Petitioner's Alleyne claim, both of her Guidelines challenges are procedurally defaulted as they were not pursued on direct appeal.  As Petitioner fails to demonstrate both "cause" for failure to previously raise such challenges and "actual prejudice," her direct challenges are **DISMISSED** as procedurally defaulted.  Frady, 456 U.S. at 167.

Alternatively, even if the Court could reach the merits of such claims they would be **DENIED**.  In calculating an advisory Guideline range for a § 841(c)(1) offense, the Guidelines define "Relevant Conduct" to include all acts committed by co-conspirators "in furtherance of the jointly undertaken criminal activity" that is part of the "same course of conduct or common scheme or plan as the offense of conviction."  U.S.S.G. § 1B1.3(a).  As Petitioner was convicted of buying precursor chemicals in order to enable her co-conspirators to manufacture methamphetamine, and they did in fact manufacture such methamphetamine in her home, the record sufficiently demonstrates that the manufacturing activities were foreseeable to Petitioner.[5]  Cf. U.S.S.G. § 2D1.11 App. n.4 (expressly

---

[5] Petitioner's PSR expressly indicates that there was evidence of "noxious chemical smells" from open containers, empty pseudoephedrine

13

indicating that the two-level enhancement Petitioner now seeks to challenge is applicable if a defendant's "Relevant Conduct" involved the discharge of a hazardous substance). Based on the information in Petitioner's PSR and the Court's recollection of the evidence in this case,[6] even if Petitioner's claim was timely and procedurally proper, she fails to demonstrate that the two-level enhancement is inapplicable based on her offense of conviction. Furthermore, even if such sentencing enhancement was erroneously applied, the Fourth Circuit has held that "'ordinary misapplication of the guidelines . . . does not amount to a miscarriage of justice,'" and thus is not cognizable on collateral review. United States v. Newbold, 791 F.3d 455, 459 (4th Cir. 2015) (quoting Mikalajunas, 186 F.3d at 496) (omission in original). Accordingly, Petitioner's Guideline calculation challenges are alternatively **DENIED** on the merits.

## C. Ineffective Assistance of Counsel

Petitioner's final § 2255 claim asserts that her lawyer was ineffective for failing to "argue the enhancements" or to "discuss the impact it would have on [her] record." § 2255 Mot.

---

packets consistent with methamphetamine production, and empty cans of acetone found at Petitioner's residence. PSR 6, ECF No. 133.

[6] The Court recalls that one of Petitioner's co-defendants, who Petitioner admitted manufactured methamphetamine at her residence, PSR 7, ECF No. 133, challenged the same enhancement at sentencing, and after taking evidence from live witnesses, the Court found that the facts supported the applicability of the enhancement.

14

7, ECF. No. 263. To prevail on this claim, Petitioner must prove both that counsel's performance was constitutionally deficient and that such deficient performance caused Petitioner prejudice. Strickland, 466 U.S. at 687-88.

First, Petitioner does not demonstrate that counsel's failure to object to the two-level sentencing enhancement fell below an objective standard of reasonableness. As discussed above, even on collateral review, Petitioner fails to demonstrate that the enhancement was inapplicable in this case. See Moody v. Polk, 408 F.3d 141, 151 (4th Cir. 2005) (finding that counsel was not constitutionally deficient for failing to file a motion that was not likely to succeed). While it is true that Petitioner's counsel could have advanced an objection and required the Government to present additional evidence, his failure to do so, based on his knowledge of the facts, does not constitute constitutionally deficient performance. Cf. Griffin v. Warden, Maryland Corr. Adjustment Ctr., 970 F.2d 1355, 1357 (4th Cir. 1992) ("'Deficient performance' is not merely below-average performance; rather, the attorney's actions must fall below the wide range of professionally competent performance.").[7]

---

[7] Petitioner's cursory allegation that counsel failed to discuss the impact of the enhancement similarly fails. Petitioner stated under oath at her sentencing hearing that she had reviewed the PSR (which plainly disclosed the enhancement and its impact on her Guideline calculation) and that she had adequate time to review the PSR with her attorney. See Blackledge, 431 U.S. at 74 (indicating that "[s]olemn

Second, as discussed in the preceding section of this Opinion, Petitioner presents no support for the proposition that her sentence would have been different but for counsel's alleged error. She therefore fails to satisfy Strickland's prejudice prong. For these reasons, even if Petitioner's § 2255 motion was timely filed, her ineffective assistance claim would be **DENIED** for lack of merit.

### IV. CONCLUSION

For the reasons discussed above, Petitioner's § 2255 motion is **DISMISSED IN ITS ENTIRETY** as untimely. ECF No. 263. Alternatively, all of Petitioner's direct challenges to her sentencing Guidelines calculation or her sentence are **DISMISSED** as procedurally defaulted. Moreover, all of Petitioner's claims, even if timely and properly before the Court, are alternatively **DENIED** for lack of merit.

Finding that the procedural basis for dismissal of Petitioner's § 2255 motion is not debatable on this record, and alternatively finding that Petitioner has not made a "substantial showing of the denial of a constitutional right," a certificate of appealability as to Petitioner's § 2255 motion is

---

declarations in open court carry a strong presumption of verity"). Moreover, Petitioner's claim that counsel failed to explain "the impact" of the enhancement is "vague and conclusory" and therefore "may be disposed of without further investigation by the . . . Court." United States v. Dyess, 730 F.3d 354, 359 (4th Cir. 2013) (internal quotation marks and citation omitted).

DENIED.  28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); see R. Governing § 2255 Proceedings in U.S. Dist. Cts. 11(a).

Petitioner is **ADVISED** that, because the Court has **DENIED** a certificate of appealability, she may seek a certificate from the United States Court of Appeals for the Fourth Circuit.  R. Gov. § 2255 Proceedings for U.S. Dist. Cts. 11(a).  If Petitioner intends to seek a certificate of appealability from the Court of Appeals, she must forward a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia, 23510, within sixty (60) days from the date of this Opinion and Order.

The Clerk is **DIRECTED** to forward a copy of this Opinion and Order to Petitioner, Petitioner's former counsel, and the United States Attorney's Office in Newport News, Virginia.

**IT IS SO ORDERED.**

/s/

Mark S. Davis
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
August 20 , 2015

17